MAUD L. DURAND *vs.* DUDLEY VAILL ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 9th—decided December 8th, 1931.

*Thomas J. Wall* and *Thomas F. Wall,* for the appellant (plaintiff).

*Howard F. Landon* and *Wilbur G. Manchester,* for the appellees (defendants).

PER CURIAM. The plaintiff brought an action for injuries claimed to have been caused by being struck by ice and snow which slipped from the roof of a building owned by the defendants as tenants in common. From a judgment for them she has appealed. The roof of the building extended about one foot over the sidewalk upon which the plaintiff was walking when she suffered the injuries in question. The complaint alleged that the owners of the building were negligent in failing to take steps to prevent the fall of the ice and snow and that the building as constructed was an encroachment upon the highway and a nuisance. The court has found, upon evidence reasonably sufficient to sustain its finding, that the sidewalk where the plaintiff was walking was slippery. It has also found that while ice and snow did fall from the building as she was passing it did not strike her nor were her in-

juries caused by it, but that she slipped and fell upon the icy sidewalk, and that caused the injuries. The only testimony bearing upon this issue was that of the plaintiff herself, who testified that she was struck by a chunk of ice falling from the roof; that of one of her witnesses who testified that she did not think that the falling ice and snow hit the plaintiff but that "it looked as though" it struck the sidewalk and slid against her, causing her to fall; and that of another of her witnesses, a young man who was walking with her at the time, who testified that while the ice and snow fell close to them he could not say it struck her and who finally answered in the affirmative a question whether her slipping on the ice and the fall of ice and snow from the building were just a coincidence. Upon this state of the evidence, we cannot say that the finding of the court was not one which it might reasonably have reached. This renders it unnecessary to discuss the other questions presented in the appeal.

There is no error.